LAW OFFICE OF STANLEY R. APPS
Stanley R. Apps (State Bar No. 309425)
4424 Bellingham Avenue
Studio City, CA 91604
(310) 709-3966
stan@appsatlaw.com

*Attorney for Plaintiff Rafael A. Chacon*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL A. CHACON,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF THE WEST EMPLOYEE BENEFITS HEALTH PLAN, and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY OF CALIFORNIA,<br><br>　　　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AND TO REMEDY DEFENDANTS' NON-COMPLIANCE WITH 29 USC § 1133(1) AND ITS IMPLEMENTING REGULATIONS, AND FOR DECLARATORY AND INJUNCTIVE RELIEF, PREJUDGEMENT AND POST-JUDGMENT INTEREST, AND ATTORNEY'S FEES AND COSTS**<br><br>INJUNCTIVE RELIEF SOUGHT |

**COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AND TO REMEDY DEFENDANTS' NON-COMPLIANCE WITH 29 USC § 1133(1) AND ITS IMPLEMENTING REGULATIONS, AND FOR DECLARATORY AND INJUNCTIVE RELIEF, PREJUDGEMENT AND POST-JUDGMENT INTEREST, AND ATTORNEY'S FEES AND COSTS**

The Plaintiff, RAFAEL A. CHACON (hereinafter "Chacon" or "Plaintiff") hereby sues

Defendants BANK OF THE WEST EMPLOYEE BENEFITS HEALTH PLAN and ANTHEM

BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY OF CALIFORNIA for breach of

1   fiduciary duties owed to Plaintiff under the Employee Retirement Income Security Act of 1974

2   ("ERISA"), including a duty to reimburse Defendant as required by his Health Plan for medically

3   necessary surgical care and related hospitalizations, and for violations of 29 U.S.C. section 1133(1)

4   of ERISA and its implementing regulations at 29 CFR sections 2560.503-1(f)(2)(iii(A) and

5   2560.503-1(g)(1). Plaintiff further states as follows:

6                                        **INTRODUCTION**

7           Defendants breached their fiduciary duties to Plaintiff by refusing to reimburse him for his

8   medically necessary spinal surgery and associated care, despite clear and convincing evidence that

9   the surgery was medically necessary. Defendants made the determination that Plaintiff's spinal

10  surgery was not medically necessary based on a "Specialty Health Guideline" produced by a third

11  party. This determination contradicted the actual, binding language of the Health Plan, which

12  requires Defendants to cover "Medically Necessary Procedures," defined as "the most appropriate

13  procedure. . . which can safely be provided . . . within standards of good medical practice within the

14  medical community." Instead, Defendants denied coverage for Plaintiff's appropriate medically

15  necessary care based on an unreasonable assertion that he should have instead obtained a less

16  appropriate treatment, which was unlikely to succeed, at much greater expense and with greatly

17  increased risk and inconvenience to Defendant. This determination defies common sense and

18  standards of good medical practice, unreasonably distorting the definition of "medically necessary"

19  for Defendants' benefit.

20          Furthermore, Plaintiff submitted a pre-service claim for his spinal surgery, which he

21  intended to undergo at Stenum Hospital in Germany, if Defendants indicated that the surgery would

22  be covered. Unfortunately, Defendants violated 29 USC section 1133(1) and its implementing

23  claims procedure regulation, by failing to provide Plaintiff with the required information in

24  response to his pre-service claim for benefits, including failing to inform Plaintiff of Defendants'

25  intent to deny reimbursement of the claim, failing to state a benefits determination, failing to state

26  the reason for the adverse determination, and failing to make Plaintiff aware of the specific plan

27  provisions on which the adverse determination was based, as required by 29 CFR 2560.503-1(f) and

28  (g). This failure to meet the claim procedure requirements caused substantial damages to Plaintiff,

because Defendants failed to inform him timely of a plan provision excluding coverage for medical treatments outside the United States, and instead advised him to complete the contemplated medical procedure in Germany and then seek coverage thereafter. Defendants violated their fiduciary duties under ERISA by failing to respond appropriately to Plaintiff's pre-service claim. In doing so, Defendants waived their right to rely on or enforce the plan provision excluding coverage of services performed outside the United States, as applied to the specific contemplated medical procedures identified in the pre-service claim that was timely submitted by Plaintiff.

<u>**PARTIES AND JURISDICTION**</u>

1. Plaintiff Rafael Alexander Chacon ("Chacon" or "Plaintiff") is a natural person who was employed by Bank of the West and enrolled in Bank of the West's self-funded Health Plan at all times relevant to this civil action. He resides in Contra Costa County, in this judicial district.

2. Bank of the West is a corporation headquartered in San Francisco County, in this judicial district. Bank of the West maintains a self-funded Employee Health Benefits Plan that is regulated and governed under ERISA.

3. Pursuant to 29 U.S.C. §§ 1132(d), the Bank of the West Employee Benefits Health Plan ("Bank of the West Health Plan" or the "Plan") may be sued as an entity in an action brought under 29 U.S.C. § 1132 of ERISA.

4. Anthem Blue Cross Life and Health Insurance Company of California  ("Anthem") is a corporation providing administrative services for the Bank of the West Health Plan. Anthem has been given discretionary authority to determine whether services are covered under the Plan.

5. This Court has federal question jurisdiction over this civil action because the action is brought pursuant to 29 U.S.C. §§ 1132(a), (e), (f) and (g) of ERISA, to recover benefits owed to Plaintiff under the Plan.

6. Venue is proper in this judicial district under 29 U.S.C. §§ 1132(e)(2), because the breach of ERISA duties took place in this judicial district and because Defendant Bank of the West Health Plan resides or may be found in this judicial district.

7. Personal jurisdiction is proper over both Defendants in this judicial district, because both Defendants carry on continuous business activity in this judicial district, and because Defendant Bank of the West Health Plan is headquartered in this judicial district at 180 Montgomery Street, San Francisco, CA 94104, which is the location of the Plan's Benefits Administration Unit.

## PLAINTIFF'S ERISA PLAN

8. At all times relevant to this civil action, Plaintiff was enrolled in Bank of the West's employer-funded Health Plan, which is regulated by ERISA. This plan is known by multiple names, including "Bank of the West PPO Plan," "Bank of the West Routine Care Plan," and "Bank of the West HSA Plan." A true and complete copy of the 2017 Summary Plan Description for this Plan is attached hereto as **Exhibit A**.

9. The Plan is required to provide coverage for all "Medical Care That Is Covered" as set forth in pages 18 through 27 of the Summary Plan Description (**Ex. A**), including Medically Necessary hospital stays and professional services of physicians. **See** Ex. A at 23, 25.

10. The Plan defines "medically necessary" as follows:

Medically necessary procedures, supplies, equipment or services (and procedures, supplies, equipment or services that are of a medical necessity) are those which the claims administrator determines to be:

1. Appropriate and necessary for the diagnosis or treatment of the medical condition;

2. Provided for the diagnosis or direct care and treatment of the medical condition;

3. Within standards of good medical practice within the organized medical community;

4. Not primarily for your convenience, or for the convenience of your physician or another provider;

5. For gender reassignment surgery, the criteria specified in the claims administrator's clinical utilization review guidelines addressing gender reassignment surgery must be met; and

6. The most appropriate procedure, supply, equipment or service which can safely be provided. The most appropriate procedure, supply, equipment or service must satisfy the following requirements:

    a.   There must be valid scientific evidence demonstrating that the expected health benefits from the procedure, supply, equipment or service are clinically significant and produce a greater likelihood of benefit, without a disproportionately greater risk of harm or complications, for you with the particular medical condition being treated than other possible alternatives; and

    b.   Generally accepted forms of treatment that are less invasive have been tried and found to be ineffective or are otherwise unsuitable; and

    c.   For hospital stays, acute care as an inpatient is necessary due to the kind of services you are receiving or the severity of your condition, and safe and adequate care cannot be received by you as an outpatient or in a less intensified medical setting.

    **See** Ex A. at 91.

11. Defendants unreasonably denied coverage to Mr. Chacon for his lumbar spine surgery and associated inpatient stay at Stenum Hospital, even though the procedure undergone by Mr. Chacon met each and every required element set forth in the Plan's definition of "medically necessary."

12. The only grounds upon which Defendants could reasonably have relied when denying coverage to Mr. Chacon for his surgery at Stenum Hospital was that his Plan included an exclusion from coverage for "services and supplies furnished and billed by a provider outside the United States," whereas Stenum Hospital is located in Germany. However, Plaintiff submitted a pre-service claim on September 6, 2019, clearly identifying his intent to undergo surgery in Germany at the Stenum Hospital. Defendants waived their right to rely on international provider exclusion by failing to inform Plaintiff of the exclusion in response to his pre-service claim.

## DEFENDANTS' NON-COMPLIANCE WITH REASONABLE CLAIM PROCEDURES FOR PRE-SERVICE CLAIMS

13. In response to Plaintiff's pre-service claim, Defendants informed him only that "In order to consider this claim, the entire claim package including a completed claim form, a copy of the itemized bill, and supporting documents must be submitted together." Defendants failed to provide the most important piece of information, by neglecting to inform Plaintiff that his claim would be denied and the reasons for which it would be denied, as required by ERISA and its implementing regulations.

14.  Defendant's response to Plaintiff's pre-service claim violated 29 USC section 1133(1), by failing to provide adequate notice in writing to Plaintiff that his claim for benefits was denied, failing to set forth the specific reasons for that denial, and failing to provide that information in a manner calculated to be understood by Mr. Chacon. The violation of 29 USC section 1133(1) also violated Defendants' fiduciary duties to Plaintiff, by failing to provide Mr. Chacon with the information that he reasonably needed to make informed medical treatment decisions, despite the submission of a pre-service claim that triggered a duty to provide that information.

15. Defendant's response further violated the ERISA Claims Procedure regulation at 29 CFR 2560.503(1), which is the Department of Labor's implementing regulation for 29 USC section 1133(1) of ERISA.

### PLAINTIFF'S LUMBAR SPINE SURGERY

16. Mr. Chacon was diagnosed with severe osteochondrosis, an orthopedic disease of the joints characterized by interruption of the blood supply to a bone followed by localized bone necrosis. Mr. Chacon suffered from this condition at three levels of his lumbar spine: L2/3, L3/4, and L4/5. At each of these three levels of the lumbar spine, Mr. Chacon further suffered from bulging discs caused by the osteochondrosis. His condition also included deterioration of the faschia at multiple levels and disc prolapse at L2/3. His condition caused severe, disabling pain and loss of mobility.

17. Mr. Chacon arranged for his condition to be treated at the Stenum Hospital in Bremen, Germany, which is a renowned specialty hospital focusing on complex spinal surgery and other orthopedic interventions.

18. Stenum Hospital recommended a medically necessary surgical intervention, including removal of disc material, revision of the spinal canal, and implantation of two M6 L artificial discs, as well as decompression and interspinous neutralization to treat the prolapsed disc at L2/3. The surgery was carried out in Bremen, Germany on September 26, 2019.

19. The surgery was successful and, as a result, Mr. Chacon is no longer suffering debilitating pain and is enjoying greatly increased mobility. Without this surgery, Mr. Chacon would have continued to be disabled due to severe pain and lack of mobility. Furthermore, his condition was progressive, such that if this surgery had not been performed, there would have been a high likelihood that Mr. Chacon would have become 100% disabled for life. As such, not only was this surgical intervention medically necessary, it was medically essential, since without it Mr. Chacon likely would never have been able to work again.

20. Notably, there were complications after surgery that required an extension of Mr. Chacon's hospital stay. This extended hospital stay was medically necessary, as it was required for proper and appropriate treatment of the post-surgical complications.

21. The total cost of the surgery and hospitalization was 37,550.00 Euros, which at that time was equivalent to approximately $42,133.53.

## DENIAL OF COVERAGE BY DEFENDANTS

22. Chacon submitted his request for reimbursement of the spinal surgery and related hospitalization to Anthem on November 21, 2019. His claim was for the full cost of $42,133.53.

23. Mr. Chacon paid the entire amount of $42,133.53 out of pocket, so that he could comply with Defendant's response to his pre-service claim, advising that "In order to

PLAINTIFF'S COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER ERISA

consider this claim, the entire claim package including . . . a copy of the itemized bill . . . must be submitted together." Mr. Chacon reasonably interpreted this response to his pre-service claim as requiring him to pay for the services himself and thereafter submit the itemized bill in order to obtain reimbursement.

24. Anthem repeatedly denied the claim for reimbursement for reasons that were specious and/or based on erroneous and false statements, demonstrating failure to review the claim in a diligent manner and failure to assign qualified individuals to review the claim.

25. First, on January 9, 2020, Anthem rejected the claim based on the erroneous review that it was a claim for "neck surgery"—even though the claim clearly seeks coverage for surgery on the lumbar spine. Anthem asserted that the associated hospitalization was "considered not medically necessary" because Anthem had not received sufficient information as to why the "neck surgery" would require hospitalization.

26. Mr. Chacon appealed this initial, erroneous determination based on the fact that the reviewer had not even understood what part of the body the surgery had been performed upon, making it abundantly clear that the reviewer was not qualified to make the required determination as to whether the lumbar spine surgery and hospitalization were necessary.

27. Anthem rejected the claim again on July 23, 2020, this time based on the theory that the associated hospital stay was too long, because a hospital stay of 2 to 3 days should be sufficient after lumbar spine surgery. The Anthem reviewer theorized that the longer hospital stay somehow made the entire procedure "not medically necessary." Anthem failed to review or failed to consider the information provided by Mr. Chacon concerning the need for longer hospitalization due to post-operative

PLAINTIFF'S COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER ERISA

complications. Furthermore, Anthem denied coverage for the surgery itself without providing any logical basis for that denial.

28. Mr. Chacon appealed this second erroneous and unreasonable denial of coverage.

29. Anthem rejected the claim for the third and final time on December 1, 2020, once again offering an entirely different reason for the denial. This time Anthem claimed that a document referred to as "the AIM Specialty Health Guideline titled Lumbar Disc Arthoplasty" supported denial of coverage, because the document allegedly states that disc replacement surgery "is considered not medically necessary at more than one level with a FDA approved implant." According to Anthem, "since your surgery involved placing artificial discs at 2 levels (L3/4 and L4/5), your request is not approved. Since the surgery is not approved, your hospital stay is considered not medically necessary and is not approved as well."

30. Notably, Anthem never identified the Plan exclusion for "services and supplies furnished and billed by a provider outside the United States" as a basis for denial of Mr. Chacon's claim, thereby waiving the right to rely on that coverage exclusion as a basis for denial of reimbursement.

31. Upon information and belief, the reason Anthem never identified the Plan exclusion for services outside the United States as a basis for denying Chacon's claim is that Anthem, by and through its employees or agents, was aware that it failed to respond appropriately to Mr. Chacon's pre-service claim. As such, Anthem was aware that it had previously waived the right to rely on that exclusion from coverage, by failing to notify Mr. Chacon of that exclusion in response to his pre-service claim as required by 29 USC section 1133(1) and by Anthem's fiduciary duties to Mr. Chacon.

32. Mr. Chacon was harmed by Defendants' ERISA violations and breaches of fiduciary duty, in the amount of $42,133.53. In addition, Defendants' misconduct required

Plaintiff to obtain legal representation to vindicate his rights, which is the basis for his claim for reimbursement of his attorney fees and legal costs, pursuant to 29 U.S.C. section 1132(g)(1).

**CLAIM FOR RELIEF**

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. Defendants violated multiple provisions of ERISA, including without limitation denial of a full and fair claims procedure, in violation of 29 U.S.C. section 1133(1) and breach of fiduciary duties, in violation of 29 U.S.C. sections 1132(a)(1)(B) and 1132(a)(3).

35. Prior to undergoing surgery at Stenum Hospital, Plaintiff submitted a pre-service claim to Defendant Anthem, requesting coverage of his procedure.

36. Defendant's response to Plaintiff's pre-service claim violated 29 USC section 1133(1), by failing to provide adequate notice in writing to Plaintiff that his claim for benefits was denied, failing to set forth the specific reasons for that denial, and failing to provide that information in a manner calculated to be understood by Mr. Chacon.

37. The violation of 29 USC section 1133(1) also violated Defendant Anthem's fiduciary duties to Plaintiff, by failing to provide Mr. Chacon with the information that he reasonably needed to make informed medical treatment decisions, despite the submission of a pre-service claim that triggered a duty to provide that information.

38. Defendant's response further violated the ERISA Claims Procedure regulation at 29 CFR 2560.503(1), which is the Department of Labor's implementing regulation for 29 USC section 1133(1) of ERISA.

39. If Defendant had responded appropriately by informing Plaintiff that his procedure at Stenum Hospital would be not covered, then Plaintiff would not have gone forward

PLAINTIFF'S COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER ERISA

with that procedure and would have instead sought to undergo the same medically necessary treatment at a facility in the United States.

40. As a result of Defendant's violation of 29 U.S.C. section 1131(1), Plaintiff suffered damages in the amount of $42,133.53, which was the cost of the surgery he underwent at Stenum Hospital, plus pre-judgment interest from the date of the procedure to the present.

41. Furthermore, Defendants waived their right to rely on the Plan exclusion for services performed outside the United States, by failing to inform Plaintiff of that coverage exclusion in response to his pre-service claim, as Defendant Anthem was required to do in response to the pre-service claim, pursuant to 29 U.S.C. section 1131(1).

42. Defendants further evidenced waiver of the Plan exclusion for services performed outside the United States, by failing to assert that Plan exclusion in response to Plaintiff's subsequent claim and Plaintiff's multiple appeals of the denial of said claim.

43. Anthem repeatedly denied Plaintiff's post-service claim for reimbursement for reasons that were specious and/or based on erroneous and false statements, demonstrating failure to review the claim in a diligent manner and failure to assign qualified individuals to review the claim. Specifically, Anthem relied on the false proposition that the medical treatment at Stenum Hospital was not medically necessary.

44. In fact, the treatment Plaintiff obtained at Stenum Hospital was medically necessary and/or medically essential, and Defendant Anthem was in possession of clear and convincing evidence demonstrating the medical necessity of the procedures. Therefore, Defendants' stated reason for denying coverage is erroneous and false.

PLAINTIFF'S COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER ERISA

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby prays this honorable Court for relief as follows:

    a.   Injunctive relief, in the form of an Order requiring Defendants to reimburse Plaintiff the amount of $42,133.53, plus pre-judgment and post-judgment interest, for Plaintiff's medically necessary care;

    b.   Declaratory relief, in the form of an Order declaring that Defendants waived their right to rely on the coverage exclusion for medical services provided outside the United States, by failing to respond to Plaintiff's pre-service claim in the manner required by 29 U.S.C. section 1131(1) and its implementing regulations at 29 CFR 2560.503(1);

    c.   An award of attorney's fees and costs, pursuant to 29 U.S.C. section 1132(g)(1);

    d.   Declaratory relief, in the form of an Order declaring that Defendants failed to review Plaintiff's pre-service and post-service claims in a diligent manner and failed to assign qualified individuals to review and respond appropriately to his claims, in violation of Defendants' fiduciary duties to Plaintiff; and

    e.   Such other and further relief as this honorable Court considers proper and appropriate.

DATED:   09/02/2021

RESPECTFULLY SUBMITTED BY:

                                    __/s/ Stanley Apps_____

                                    STANLEY R. APPS, ESQ.

                                    *Attorney for Plaintiff Rafael A. Chacon*

PLAINTIFF'S COMPLAINT FOR ENFORCEMENT AND CLARIFICATION OF RIGHTS UNDER ERISA